QUESTIONS: 1. Under ss. 121.031 and 121.151, F. S., and such other provisions as may be applicable, should the expenses incurred by the State Board of Administration in providing investment services to the Florida Retirement System Trust Fund be paid from the earnings of said investment? 2. If the answer to question 1 is in the negative, may the costs of said investment services be charged to those bond issues listed below or to the counties from their pro rata share of the "Second Gas Tax" or to both? 3. If the answers to questions 1 and 2 are in the negative, then from what source may said board finance its expenses for the investment of the Florida Retirement System trust funds?
SUMMARY: Expenses incurred by the State Board of Administration in investing and reinvesting available funds from the Retirement System Trust Fund and the Social Security Trust Fund, as required by s. 121.151, F. S., should be paid from interest earned on such investments by the Department of Administration, Division of Retirement. Such expenses so incurred are expenses for the administration of the Florida Retirement System by the Division of Retirement, Department of Administration, as referred to in s.121.031, F. S. STATEMENT OF FACTS: You advise in your letter as follows: During the course of recent postaudits of the State Board of Administration I have been concerned with the manner in which the Board has charged the costs of its operations to the various agencies it serves. As an example, during the fiscal year 1973-1974, the operating costs of the Board were charged to the proceeds of the following bond issues: school bonds (issued pursuant to Section 9(d), Article XII, Fla. Const., 1968), higher education bonds (Section 9(a), Article XII); state building bonds (Article VII); outdoor recreation bonds (Section 9(a), Article XII); student loan bonds (Section 15, Article VII); pollution control bonds (Section 14, Article VII); environmental conservation bonds (Section 9(a), Article IX). Also, the Board charged the pro rata shares of the "Second Gas Tax" entitlements of the various counties a proportionate share of total operating cost. You advise therein that the State Board of Administration has billed the Department of Administration for the costs incurred by the board for investment services required by s. 121.151, F. S., to be performed for the Florida Retirement System Trust Fund. You also advise that the department has declined to pay the bill and has disagreed with the board's position to the effect that s.121.031, F. S., provides the authority for the billing and payment. Question 1 is answered in the affirmative as explained herein, and accordingly questions 2 and 3 require no answer. Section 121.031, F. S., provides: The Department of Administration, through the Division of Retirement, shall make such rules as are necessary for the effective and efficient administration of this system. The funds to pay the expenses for such administration are hereby appropriated from interest earned on investments made by the Board of Administration for the Retirement and Social Security Trust Funds and the assessments allowed under chapter 650. The administrator shall cause an actuarial study of the system to be made at least once every 5 years and report the results of such study to the next session of the Legislature following completion of the study. (Emphasis supplied.) This section of the statutes provides both the appropriation for and the authority for payment of expenses of the administration of the Florida Retirement System (see ss.121.021(3) and 121.025, F. S.) by the Division of Retirement. Part and parcel of that administration is the necessary investment and reinvestment of available system funds by the Board of Administration, created by the authority of the State Constitution, in accordance with the provisions of ss. 215.44215. 53, F. S. (See s. 121.151, F. S.) If the Department of Administration through the Division of Retirement, instead of the Board of Administration, had the authority and duty to invest and reinvest the system funds, it is patently obvious that the expenses required for such investment and reinvestment would be expenses incurred in administration of the retirement system and, accordingly, would be borne by the Department of Administration, Division of Retirement, and paid from interest earned on such investments. Therefore, if the expenses for such administration are incurred instead by the Board of Administration acting as fiscal agent for the Department of Administration, Division of Retirement, such expenses are still expenses for the administration of the retirement system and would be paid from funds designated in and appropriated by s. 121.031, F. S. Section 9(c), Art. XII, State Const. 1968, adopted s. 16, Art. IX of the State Const. 1885. Section 16(b), Art. IX, State Const. 1885, created a body corporate consisting of the Governor as chairman, the State Treasurer and the State Comptroller, to be known as the State Board of Administration. The board was given certain specific powers in the Constitution and also given "such powers as may be conferred upon it by law." Section 16(d), Art. IX, State Const. 1885, provided that the board shall have the power "to make and enforce all rules and regulations necessary to the full exercise of the powers hereby granted and no legislation shall be required to render its amendment of full force and operating effect from and after January 1, 1943." Part of said provision follows: The board shall pay refunding expenses and other expenses for services rendered specifically for, or which are properly chargeable to, the account of any county from funds distributed to such county; but general expenses of the board for services rendered all the counties alike shall be prorated among them and paid out of said funds on the same basis said tax proceeds are distributed among the several counties; provided, report of said expenses shall be made to each Regular Session of the Legislature and the Legislature may limit the expenses of the board. (Emphasis supplied.)
This provision of the Constitution speaks only to the constitutional duties imposed upon the State Board of Administration involving counties and does not speak to the statutory duties imposed by general law upon the State Board of Administration. Accordingly, it does not provide the authority for the Board of Administration to charge general expenses of the board incurred in rendering services to the Department of Administration, Division of Retirement, or to the various counties throughout the state. Accordingly, expenses incurred by the State Board of Administration in performing its duties under s. 121.151, F. S., should be paid pursuant to the provisions of s. 121.031, F. S., from interest earned on investments made by the Board of Administration for the Retirement and Social Security Trust Funds.